# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILIO FUSCO,<br><br>               Petitioner,<br><br>v.<br><br>STEPHEN SPAULDING,<br>Warden, FMC Devens,<br><br>               Respondent. | CIVIL ACTION<br>NO. 18-cv-40035-DHH |

## ORDER

### November 19, 2018

Hennessy, M.J.

Petitioner Emilio Fusco has filed his second petition for habeas corpus ("Petition II") pursuant to 28 U.S.C. § 2241, challenging the execution of his federal prison sentence. (Docket # 1). Fusco claims that he is entitled to good-time credit for "time spent on supervised release and home confinement for a prior conviction that was relevant conduct in this matter." (Id.). Fusco contends that the failure to credit him with good time from his prior sentence towards the sentence he is currently serving violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. (Id.). The parties have consented to my jurisdiction. (Docket # 8).

Respondent Stephen Spaulding, Warden of the Federal Medical Center at Devens, Massachusetts where Fusco is incarcerated, has moved the Court to dismiss Petition II arguing that imprisonment Petitioner served toward a prior sentence cannot be credited toward a subsequent prison sentence because double credit is prohibited under 18 U.S.C. § 3585(b) and

1

U.S. SENTENCING GUIDELINES MANUAL § 5G1.3 (U.S. SENTENCING COMM'N 2018) ("U.S.S.G. § 5G1.3 "). (Docket # 17). For the reasons set forth below, Respondent's motion to dismiss is granted, and Petition II is denied.

I. BACKGROUND

Petitioner filed a habeas corpus petition with this Court in 2017 ("Petition I"). (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket #1). The challenges set out in Petition I overlap with those set out in Petition II. The two cases have been consolidated. (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket #23). Respondent has sought dismissal of each petition, both times submitting the declaration of Federal Bureau of Prisons ("BOP") Management Analyst Deborah Colston. (Docket # 18-1). In its order dismissing Petition I, the Court reviewed Fusco's criminal history as recited in Colston's declaration. (Emilio Fusco v. Jeffrey Grondolsky, No. 17-cv-10771 (D. Mass.), Docket # 18-1). The Court recited the facts as follows.

According to the declaration and supporting exhibits, the Petitioner was prosecuted in the U.S. District Court for the District of Massachusetts in United States v. Fusco, No. 00-cr-30036-MAP (D. Mass.) ("Fusco I"). In that case, Petitioner pleaded guilty to Racketeering Conspiracy and Conspiracy to Launder Money, and was sentenced to 33 months in prison. (Docket #18-1, ¶ 5). On May 9, 2006, Petitioner reached his Good Conduct Time Release Date and was released from BOP custody to serve a three-year term of supervised release. (Id. ¶ 6). As the Court noted in its order dismissing Petition I, it appears that Petitioner served 900 days in prison on Fusco I— from his arrest on December 15, 2000 through December 20, 2000, when he was released on bond (6 days); and from his voluntary surrender date of November 28, 2003 through his release date of May 9, 2006 (894 days). (Id. ¶ 11) .

2

On July 20, 2010, four years after his release, Petitioner was charged in the U.S. District Court for the Southern District of New York with Racketeering Conspiracy, Extortion Conspiracy, and Interstate Travel in Aid of Racketeering, in United States v. Fusco, No. 09-cr-01239-9 (PKC) (S.D.N.Y.) ("Fusco II"). (See id. ¶ 7). On October 11, 2012, Petitioner was convicted of all charges and sentenced in Fusco II to 300 months' imprisonment. (Id. ¶ 8; see docket ## 18-6, 18-1 ¶ 8). If he were to receive the maximum credit for good conduct, his projected release date would be June 1, 2032. Id.

While incarcerated on Fusco II, Petitioner sought an administrative remedy through BOP concerning the calculation of his sentence. (Docket #1 at 2; see docket #18-8 at 2-7). He claimed that the Racketeering Conspiracies of which he was convicted in Fusco I and Fusco II "are the same," and that under U.S.S.G. § 5G1.3, he is entitled to custody credit in his Fusco II sentence for time he spent in custody on Fusco I. Docket #1 at 7. BOP's Designation and Sentence Computation Center (the "DSSC") denied Petitioner's request because the credit he sought for his sentence in Fusco II already had been applied to his sentence in Fusco I. (Docket #18-8 at 3). The DSSC concluded that the credit Petitioner sought could not be applied twice. (See id). Petitioner exhausted administrative remedies within BOP by appealing the DSSC's decision. (See id. at 4-7).

On April 24, 2017, Petitioner filed Petition I after seeking administrative relief through BOP. (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket #1). Proceeding pro se, Petitioner claimed that the two Racketeering Conspiracies of which he was convicted in Fusco I and Fusco II "are the same," and that under U.S.S.G. § 5G1.3, he was entitled to custody credit in his Fusco II sentence for time he spent in custody on Fusco I. (Id.). Petitioner claimed that the conduct for which he was convicted in Fusco II "was the same relevant conduct from the

3

2003 [Fusco I] conviction [sic]," (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket #21 at 6), noting that he was charged in both prosecutions with being a member of the Genovese Organized Crime Family who engaged in "the same predicate acts of collecting extensions of credit by extortionate means and conspiracy, illegal gambling activity, and loansharking." (Id. at 8). Petitioner further argued that the conspiracy of which he was convicted in Fusco II "is nothing more than" the conspiracy for which he was convicted in Fusco I. (Id.).

Petitioner filed the instant petition, Petition II, on March 22, 2018, along with a motion to consolidate the case with the Petition I case. (Docket ## 1, 4; Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket # 22). Petitioner moved the Court on July 16, 2018 to grant a default judgment on Petition II based upon Respondent's failure to file an answer. (Docket # 12). On July 19, 2018, the Court ordered respondent to show cause why the motions for default judgment and consolidation should not be granted. (Docket # 13). In lieu of answering Petition II, Respondent filed a response on July 26, 2018, agreeing to the motion to consolidate, and arguing that good cause existed for the default judgment not to enter. (Docket # 16). The motion to consolidate was granted. (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket # 23). Respondent filed a motion to dismiss Petition II on July 27, 2018. (Docket ## 17, 18). On August 28, 2018, the Court dismissed Petition I for insufficiency. (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket # 25). The Court now considers Respondent's motion to dismiss Petition II.

II.     STANDARD

To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). The complaint must "allege a factual predicate concrete enough to warrant further proceedings." DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotation and original alterations omitted).

A pro se litigant's filings are to be "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, a pro se complaint, "however inartfully pleaded," must be held to a "less stringent standard than formal pleadings drafted by lawyers." Id. (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, "[t]his is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980) (citation and footnote omitted).

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citation omitted). "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule

5

56 motion for summary judgment." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)) (citing Fed. R. Civ. P. 12(d)).  There lies an exception to this rule "for documents the authenticity of which [is] not disputed by the parties; for official public records; for documents central to [a] plaintiff[']s claim; or for documents sufficiently referred to in the complaint." Id. (quoting Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

III. ANALYSIS

    A. 28 U.S.C. § 2241

Petitioner has brought Petition II pursuant to 28 U.S.C § 2241. As noted in the Court's order dismissing Petition I, (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket #25),  a § 2241 petition is properly brought to challenge the execution of a sentence.  28 U.S.C § 2241(c)(3); See Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015).  For example, a challenge to the "computation of a prisoner's sentence by prison officials" is appropriately brought pursuant to § 2241.  Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)).

A § 2241 petition may be brought by a prisoner if, among other requirements, he is "in custody." 28 USCS § 2241(c). For purposes of standing to bring a habeas petition, "'[c]ustody' is not limited to physical detention." Devitri v. Cronen, 290 F. Supp. 3d 86, 90 (D. Mass. 2017) (citing Rumsfeld v. Padilla, 542 U.S. 426, 437, 124 S.Ct. 2711 (2004)).  "The provision does require, however, that the person be subject to restraints not shared by the public generally." Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984) (citing Jones v. Cunningham, 371 U.S. 236, 240 (1963)).  A petitioner satisfies the § 2241(c) "custody" requirement with a showing that he is on probation. Id.; Rodriguez v. Martinez, 935 F. Supp. 2d 389, 402 (D.P.R. 2013)

6

While probation may count as "custody" for purposes of determining whether a petitioner has the right to bring a petition for habeas corpus, probation does not count as "custody" for the purposes of determining time served on a sentence.[1] See 18 U.S.C. § 3585. The First Circuit has interpreted § 3585 "to require actual incarceration before allowing time-served credits." United States v. Zackular, 945 F.2d 423, 425 (1st Cir. 1991). Home confinement does not meet the "official detention" requirement of § 3585. See Id. By the same reasoning, supervised release does not qualify to be counted as good time against a term of imprisonment. "[C]redit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to BOP's control." Reno v. Koray, 515 U.S. 50, 58 (1995).

Petitioner argues that he is entitled to good-time credit for "time spent on supervised release and home confinement for a prior conviction that was relevant conduct in this matter." (Docket # 1). If Petitioner truly seeks credit against his current prison term for time spent on supervised release and home confinement, such relief is not available.

Furthermore, the Court would not have jurisdiction to consider such a petition because Petitioner did not exhaust administrative remedies with respect to his claim for good time credit for time spent on supervised release and home confinement. A petition for habeas corpus may only be reviewed by a federal court after the petitioner has exhausted all available administrative remedies. Leja v. Sabol, 487 F. Supp. 2d 1, 2 (D. Mass. 2007) (citing 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002)). In seeking relief from BOP, Petitioner claimed that credit for time served in prison on his sentence from Fusco I, including December 15, 2000 to December 20, 2000, and November 28, 2003 through May 9, 2006 be applied to his period of

---

[1] The Court discussed the process by which the Attorney General, through BOP, calculates and administers prison terms in its order dismissing Petition I. (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket #1).

7

incarceration for Fusco II. (Docket # 18-1). The Court has addressed this challenge in its order dismissing Petition I. (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket #1). Petitioner did not seek administrative review of the calculation of his prison term based upon his contention that he should have been credited time for time spent on home confinement and time spent on supervised release with respect to his Fusco I prison sentence. Therefore, any challenge Petitioner may be bringing seeking credit for time served while on home confinement or supervised release may not be reviewed by the Court.

    B. Double Jeopardy

If Petitioner is not challenging the calculation of his sentence with regards to time spent on home confinement and supervised release, but is instead arguing that his sentence is illegal because it violates the Double Jeopardy Clause, Petitioner's claim is barred. In Petition II, as in Petition I, Petitioner claims that his two Racketeering Conspiracy sentences were imposed for the same crime and asks the Court to apply custody credit for time served on the Fusco I sentence to the Fusco II sentence in accordance with U.S.S.G § 5G1.3. In its order dismissing Petition I, the Court addressed Petitioner's claim concerning the calculation of his sentence. (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket # 25). In Petitioner's response to Respondent's motion to dismiss Petition I, Petitioner raised the argument of violation of the Double Jeopardy Clause for the first time. (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket # 21). Because Petition I did not invoke the Double Jeopardy Clause, and because the consolidated Petition II had raised the issue, the Court did not address the argument in its order dismissing Petition I. (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket # 25).

A petition for habeas corpus brought pursuant to 28 USCS § 2241 is brought to challenge the administration of a sentence. 28 USCS § 2241. A petition may be brought pursuant to 28

USCS § 2255 to challenge the legality of the imposition of the sentence itself. 28 USCS § 2255. However, there is a one-year period of limitation to file a § 2255 petition and where a petitioner has already brought a petition, a panel of the appropriate court of appeals must certify that the new petition is based on new evidence or new law. 28 USCS § 2255. Petitioner's conviction in Fusco II became final on October 11, 2012. (Docket # 18-7). Petition II was filed well outside of the one-year limitation period and Petitioner has not provided any reason that the challenge could not have been raised earlier. Therefore, if Petitioner is asserting that the imposition of his sentence violates the Double Jeopardy Clause, his petition is barred for failure to meet the statutory time limit.

Even were the Court empowered to entertain a challenge to the imposition of Petitioner's sentence as a violation of the Double Jeopardy Clause, the Court would dismiss the claim as unmeritorious. According to the Fifth Amendment, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The "same offense" as found in the Fifth Amendment means one criminal act or occurrence, not multiple criminal acts of the same nature. See Blockburger v. United States, 284 U.S. 299, 303 (1932). In Blockburger, the Supreme Court found that each separate sale of narcotics constituted a separate offense for purposes of the Double Jeopardy Clause. Id. The Supreme Court also set out a test in Blockburger for evaluating whether one action or transaction that violates two distinct statutory provisions constitutes one or two offenses for purposes of the Double Jeopardy Clause. Id. at 304; see United States v. Dixon, 509 U.S. 688, 688 (1993).

Petitioner relies on the Blockburger test to argue that "he had been sentenced twice for the same conduct." (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket #21-1 at 4). Petitioner attempts to reason that his racketeering conspiracy in Fusco I and Fusco II were "in a

sense continuous, the complete statutory offense was committed every time" he violated section 1962(d). Ebeling v. Morgan, 237 U.S. 625, 629 (1915).

The Blockburger test is plainly inadequate in this case. Application of the Blockburger test in this situation would mean that someone could never be convicted of the same crime twice even if each criminal offence occurred on separate dates, in separate places and involved separate victims. This is not the intent of the Double Jeopardy Clause. Brown v. Ohio, 432 U.S. 161, 161 (1977) ("the Double Jeopardy Clause generally forbids successive prosecution and cumulative punishment for a greater and lesser included offense.") Despite Petitioner's attempt to characterize all of his racketeering conspiracy conduct as one single offense, Petitioner committed the acts of racketeering conspiracy for which he was convicted years apart. Having been convicted of an offense of racketeering conspiracy and having completed a prison sentence imposed for that behavior did not allow Petitioner to commit new acts of racketeering conspiracy with impunity. Petitioner's trial attorney raised this very issue in the second S.D.N.Y. prosecution. In rejecting the double jeopardy challenge, the Fusco II District Court Judge describe Petitioner's violations as potentially a pattern of behavior, but ultimately as unique offenses (Fusco v. Grondolsky, No. 17-cv-10771 (D. Mass.), docket #21-1 at 39) ("different loans, different people"). The exhibits produced by Petitioner himself make clear that the racketeering conspiracy violations in Fusco I were predicated on different acts from those that supported conviction in Fusco II, thus his claim that the imposition of his sentence in Fusco II violated the Double Jeopardy Clause is erroneous.

CONCLUSION

Respondent's motion to dismiss (docket #18) is GRANTED. The petition for writ of habeas corpus filed in this action is DENIED.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge